REPSHER *v.* BOSTIC LUMBER & MFG. CO. *et al.*

[73 South. 868, Division A.]

1. APPEAL AND ERROR. *Interlocutory orders. Compliance with statute.*
Appeal from interlocutory orders can only be taken within ten days after the date of the decree, and by the consent of the court and in strict compliance with section 35, Code 1906.

2. INTERPLEADER. *Paying money into court. Decree.*
Where appellant filed an interpleader against creditors offering to pay money into court, but failed to do so, it was proper for the court to order that he pay the amount of money into court according to the prayer of his bill and all questions raised as to the payment or distribution of the amount among claimants,

or whether the amount tendered and paid into court was correct or not, were all subsequent questions, to be passed upon by the court when they' were reached but in no event could the raising of these questions by answer make the interlocutory order of the chancellor erroneous in requiring that the funds be paid into court.

APPEAL from the chancery court of Lauderdale county. HON. G. C. TANN, Chancellor.'

Bill of interpleader by J. G. Repsher against the Bostic Lumber & Manufacturing Company and others. From interlocutory decree ordering plaintiff to pay money into court, he appeals.

The facts are fully stated in the opinion of the court.

*Fewell & Cameron,* for appellant.

Court was not authorized to order appellant to pay amount he admits to be due into court and then in the same suit litigate with appellees as to balance claimed by them.

It was contended by appellee in lower court, and will doubtless be presented to this court, that appellant having requested an order requiring him to pay money into court, that he cannot complain when the court granted the prayer of his bill in that respect.

A sufficient answer to that contention is simply that appellant filed a strict bill of interpleader, and upon offer to pay or upon payment, was entitled to a decree discharging him from all further liability.

This the court refused to do, hence the right of appellant to prosecute this appeal in order that his rights under the bill of interpleader might be properly settled by this court.

In conclusion we submit that the lower court should not have ordered appellant to pay money into court, and required him to remain and litigate the question in that suit of amount when it appeared from appellee's answer that the amount was in dispute, but should either have ordered money paid into court, granted a

decree discharging appellant, or should have dismissed appellant's bill of interpleader and left all of the parties in the same attitude they were prior to the institution of this suit.

*Baskin & Wilbourn,* for appellee.

We submit on the merits of the appeal that the case should be affirmed, 1, because the decree was in accord with the prayer of appellant's bill. *Volenti non fit injuria.* No litigant may ask a court to decree a thing, and then assign error because his prayer was granted.

2. Because the decree only deals with an amount admittedly due. It cannot harm appellant to pay over what he admits he owes. He is, by compliance with the decree to pay what he admits he owes, acquitted as to said sum. He is not entitled to be dismissed out of court on his bill of interpleader where his allegation that he has paid all but the seven hundred and eighty-four dollars is denied under oath.

Whether or not he can sustain his allegation that this is all he owes is yet to be determined. In the meanwhile, he is not harmed by being required to pay into court, in accordance with his prayer, the amount he admits he owes.

The motion sets up that the money should be paid into court for the protection of appellee, Bostick Lumber & Manufacturing Company and all concerned in the fund. There is no pleading denying the averments of the motion and no bill of exceptions showing what occurred on the hearing of the motion, and we submit this court cannot now say on this record that the chancellor's finding was not correct, or that his decree was not proper for the protection of the fund. If the admitted amount be not placed in court, after claimants thrash out their respective rights to the fund, it is not without the range of possibilities that appellant may not be able then to respond for what he now says is due. See *McAllister Bros.* v. *Sanders,* 107 Miss. 285. Complainant must

bring the money into court. *Hyman* v. *Cameron,* 46 Miss. 725. It is the duty of the court to refuse to allow complainant to proceed until he pays in the money. *Blue* v. *Watson,* 59 Miss. 619.

We are rather curious to be made to understand how one may reverse a decree that is in accord with the prayer of his bill, and only requires him to deliver up what he admits he owes to others, into the custody and control of a court that he has asked to decide who shall have it.

HOLDEN, J., delivered the opinion of the court.

The appellant, J. G. Repsher, filed a bill of interpleader against the appellee Bostic Lumber & Manufacturing Company, and others, in the chancery court of Lauderdale county, the bill alleging that the complainant, appellant, was indebted in the sum of seven hundred and eighty-four dollars under a building contract, and that the said amount is claimed by the appellee and the other defendants and that there is a dispute between the defendants as to who is entitled to the said money; that the appellant is unable to settle the controversy between the claimants; and prays that the court direct him to pay into the court the sum of seven hundred and eighty-four dollars, and that process be issued for the defendants, commanding them to come into court and propound their claims to the money, and that the court, on final hearing, enter such decree as it may find to be just and proper, and that the appellant be discharged from said indebtedness. After the bill had been pending for several months, and it appearing that the appellant had failed to pay the money into court as he had prayed to do in his bill, upon motion made by the appellee, the chancellor ordered that the said sum of seven hundred and eighty-four dollars, declared by the appellant to be due by him and in his hands, be paid into court, and from this interlocutory order the appellant appeals here.

We notice from the record in this case that the appeal from the interlocutory decree was not applied for within ten days after the date of the decree, nor was such appeal granted by the court, but the attempted appeal was taken without order, out of time, and without *supersedeas.* We should have dismissed the appeal on the motion filed here for that purpose, for the reason that appeals from interlocutory orders can only be had according to the requirements of the statute. Section 35, Code 1906. But, for the purpose of passing upon the merits of the appeal, we will not now consider the motion to dismiss, but we hold that the decree of the chancellor here appealed from is correct and must stand. There can be no error in the lower court having ordered that the appellant pay the amount of money into court according to the prayer of his bill, and all questions raised as to the payment or distribution of the amount among the claimants, or whether the amount tendered and paid into the court is correct or not, are all subsequent questions, to be passed upon by the court when they are reached, but in no event could the raising of these questions by answer make the interlocutory order of the chancellor erroneous in requiring that the funds be paid into court.

The decree of the lower court is affirmed, and the case remanded.

*Affirmed and remanded.*